<u>Larry Ganner v. Law Clerks of San Joaquin County Jail, et al.</u>, CV 08-1848 CTB

<u>Order re 42 U.S.C. § 1983 Complaint</u>

Plaintiff Larry Ganner ("Ganner"), a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against officials of the San Joaquin County Jail.  Ganner alleges that Kristen Hamilton ("Hamilton"), the Inmate Programs Director, and unnamed law clerks ("Law Clerks") have denied him access to the courts by restricting his use of the prison law library and failing to provide him with a list of attorneys.  Ganner has not complied with the statutory requirements to proceed in forma pauperis and has not exhausted his administrative remedies.  He has also failed to comply with prior court orders that set forth how to comply with those statutory requirements.  Thus, this action is DISMISSED without prejudice.

I.    <u>Background</u>

Ganner is an inmate at the San Joaquin County Jail.  On August 11, 2008, he filed this § 1983 action and moved to proceed in forma pauperis under 28 U.S.C. § 1915(a).  (Docket Nos. 1–2.)  Notably, in response to a question on the second page of his form complaint—"Is the grievance process completed?"—Ganner checked "no" and wrote "Level 4 failed to respond" in the margins.  (<u>Id.</u>)

On August 26, 2008, Magistrate Judge Kimberly J. Mueller ordered Ganner to submit, within thirty days, an affidavit in support of his in forma pauperis motion and a certified copy of his prison trust account statement for the six-month period before the filing of this action, in accordance with § 1915(a)(1) and (2).  (Docket No. 4.)  The magistrate judge warned Ganner that "failure to comply with this order will result in a recommendation that this action be dismissed without prejudice."  (<u>Id.</u>)  The next day, on August 27, Ganner consented to the magistrate judge's jurisdiction.

On September 23, 2008, Ganner filed an affidavit in support of his in forma pauperis motion (Docket No. 6), but he did not file a certified copy of his prison trust account statement.  On October 16, Ganner renewed his motion to proceed in forma pauperis, in response to which the magistrate judge reordered Ganner to submit, by November 22, the required certification.  (Docket No. 8.)  Ganner did

1

not do so.  Instead, on November 13, Ganner renewed his motion to proceed in forma pauperis.  On November 24, the magistrate judge again ordered Ganner to submit, by December 24, the required certification.  (Docket No. 10.)  Ganner still did not do so.

On November 25, 2008, this matter was reassigned to then-Chief Judge Alicemarie H. Stotler of the Central District of California (Docket No. 11), and, on December 23 of that same year, to Judge Carlos T. Bea of the Court of Appeals for the Ninth Circuit, who sits by designation (Docket No. 12).

II.     Legal Standard

Under the Prison Litigation Reform Act ("PLRA"), a federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, this Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1)–(2); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  Pro se pleadings must, however, be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

III.    Discussion

This action is defective for two reasons.

First, Ganner has failed to provide this Court with a certified copy of his prison trust account statement.  Under 28 U.S.C. § 1915(a)(2), Ganner must "submit a certified copy of [his] trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . ."  The magistrate judge ordered Ganner to provide the required certification on three occasions, and, on each occasion, the magistrate judge specifically admonished Ganner that "failure to comply with this order will result in a recommendation that this action

2

be dismissed without prejudice." (Docket Nos. 4, 8 & 10.) Therefore, because Ganner has complied with neither statutory requirements nor repeated court orders, the Court must deny Ganner's in forma pauperis motion.

Second, Ganner has failed to satisfy the exhaustion requirement of the PLRA, which states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requires "a prisoner [to] exhaust administrative remedies even where the relief sought . . . cannot be granted by the administrative process." Woodford v. Ngo, 548 U.S. 81, 85 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). Although PLRA exhaustion is an affirmative defense, the Court may sua sponte dismiss the amended complaint if Ganner's factual allegations, taken as true, establish nonexhaustion. See Jones v. Bock, 549 U.S. 199, 214–15 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); see also Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (prisoners must exhaust administrative remedies before filing an access-to-courts claim).

By his own admission, Ganner did not exhaust his administrative remedies. The second page of his form complaint asks "Is the grievance process completed?" Ganner checked "no." (Docket No. 1.) Ganner wrote the following in the margin: "Level 4 failed to respond (see yellow copy of Inmate Grievance Form enclosed)." (Id.) Ganner submits with his complaint three inmate grievance forms, each of which provide for several levels of review.[1] None of the forms reflects final-level review. Even liberally construed, the complaint thus does not allege exhaustion of remedies; to the contrary, it alleges that Ganner is still awaiting review. Therefore,

---

[1] In the California Department of Corrections ("CDC"), a prisoner has the right to appeal administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Admin. Code tit. 15, § 3084.1(a). To exhaust these administrative remedies, a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form; (3) second-level appeal to the institution head or designee; and (4) third-level appeal to the Director of the CDC. Id. § 3084.5; Brodheim v. Cry, 584 F.3d 1262, 1265 (9th Cir. 2009). A final decision from the Director's level of review satisfies the exhaustion requirement. Aidnik v. Cal. Med. Facility, No. 2:08-cv-02583-HDM-RAM, 2009 WL 3789223, at *2 (E.D. Cal. Nov. 10, 2009) (unpublished disposition).

3

the Court sua sponte dismisses this action; Ganner must exhaust his remaining administrative remedies.[2]

IV.   Conclusion

For the foregoing reasons, the Court DENIES Ganner's in forma pauperis motion, and sua sponte DISMISSES Ganner's complaint without prejudice. Ganner must provide a certified copy of his prison trust account statement before he may proceed in forma pauperis, and he must exhaust his administrative remedies before he may refile an amended complaint.

The Court ORDERS the Clerk of Court to send Ganner a new in forma pauperis application, and to close this case.

IT IS SO ORDERED.

/s/Carlos T. Bea

---

[2] The Court must treat the failure to exhaust as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss on such grounds, "the court may look beyond the pleadings and decide disputed issues of fact."  Id.  at 1120.  Because the Court finds Ganner has not exhausted his administrative remedies, the proper remedy is dismissal without prejudice.  Id.